David M. Peer
SBN 301952
Peer & Hart, PC
2794 Gateway Road, Suite 103
Carlsbad, CA 92009
760-239-0231
Attorney for Plaintiff,
SolMark International Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLMARK INERNATIONAL INC., a Texas corporation,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>ABEL GALVEZ, an individual, TYLER THURMOND, an individual, THOMAS FORBES, an individual, FRANK DELGADILLO, an individual, G7 ENVIRONMENT, LLC, a Delaware limited liability company; G7 LUXURY SHUTTLE LLC, a Colorado limited liability company; and DOES 1 to 50 inclusive.<br><br>                                        Defendants. | Case No.: _____<br><br>COMPLAINT FOR:<br>1. BREACH OF CONTRACT;<br>2. MONEY HAD AND RECEIVED;<br>3. UNJUST ENRICHMENT;<br>4. FRAUD – INTENTIONAL MISREPRESENTATION; AND<br>5. VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*. |

        Plaintiff, SOLMARK INTERNATIONAL INC. ("SOLMARK" or "PLAINTIFF"), based on information and belief, complains and alleges as follows:

COMPLAINT

**INTRODUCTION**

1.      This case concerns the breach on a contract for the bulk purchase of personal protective equipment.

**PARTIES, JURISDICTION AND VENUE**

2.      Plaintiff SolMark International Inc. is a corporation organized pursuant to the laws of the State of Texas ("SOLMARK" or "PLAINTIFF"). SolMark maintains its principal place of business in the City of Dallas, County of Dallas, Texas.

3.      On information and belief, Defendant G7 ENVIRONMENT, LLC. ("G7 ENVIRONMENT") is a limited liability company organized pursuant to the laws of the State of Delaware.  On information and belief, G7 ENVIRONMENT maintains its principal place of business in the City of Garden Grove, County of Los Angeles, California.

4.      On information and belief, Defendant G7 LUXURY SHUTTLE LLC ("G7 LUXURY" and together with G7 ENVIRONMENT, the "CORPORATE DEFENDANTS") is a limited liability company organized pursuant to the laws of the State of Colorado. On information and belief, G7 LUXURY maintains its principal place of business in the City of Garden Grove, County of Los Angeles, California.

5.      On information and belief, Defendant ABEL GALVEZ ("GALVEZ") is an individual residing in the state of California.  On information and belief, GALVEZ is a member of G7 ENVIRONMENT and G7 LUXURY.

6.      On information and belief, Defendant TYLER THURMOND ("THURMOND") is an individual residing in the County of Los Angeles, state of California.

7.      On information and belief, Defendant THOMAS FORBES ("FORBES") is an individual residing in the state of California.

8.      On information and belief, Defendant FRANK DELGADILLO ("DELGADILLO" and collectively with GALVEZ, THURMOND, and FORBES, the "INDIVIDUAL DEFENDANTS") is an individual residing in the state of California.

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district, as further explained below.

11.      Plaintiff does not know the true names, capacities, or basis for liability of defendants sued in this action as DOES 1 to 50, inclusive, and will amend this complaint when the same is ascertained.  Plaintiff is informed and believes, and thereon alleges that at all relevant times the INDIVIDUAL DEFENDANTS, CORPORATE DEFENDANTS, and DOES 1 to 50 (hereinafter collectively referred to as "DEFENDANTS" or "DEFENDANT") were acting as the agent, servant,

employee, partner, or joint venture of each other defendant in doing the things alleged herein, and is responsible in some manner for the damages claimed herein by Plaintiff.

12.     Plaintiff alleges, upon information and belief, that in doing the actions complained of herein, all DEFENDANTS were the alter egos, agents, servants, and employees of each of the other DEFENDANTS. In doing the acts as alleged herein, all DEFENDANTS were acting within the course and scope of such relationship and with the knowledge, permission, consent, and ratification each of the other DEFENDANTS.

**FACTUAL BACKGROUND**

13.     In response to the pandemic caused by the novel Coronavirus, PLAINTIFF SOLMARK has sought to leverage its experience in international supply chain logistics to promptly procure personal protective equipment ("PPE") such as gloves and facemasks, for public and private entities in the United States.

14.     On or about April 8, 2020 SOLMARK entered into negotiations with a group of individuals that identified themselves as "G7 Environment." The group was comprised of the INDIVIDUAL DEFENDANTS. SOLMARK informed the INDIVIDUAL DEFENDANTS that they wished to purchase 100,000 boxes of Blue Nitrile Universal Exam Gloves (the "Gloves"). The INDIVIDUAL DEFENDANTS confirmed that they could supply the Gloves at a price of $7.95 per

box (the "PPE Deal") and requested that SOLMARK send a letter of intent to INDIVIDUAL DEFENDANTS.

15.    The INDIVIDUAL DEFENDANTS further informed SOLMARK that the INDIVIDUAL DEFENDANTS owned a production line and that they could supply as many gloves as as SOLMARK desired, per SOLMARK's specifications and timelines.

16.    On or about April 9, 2020 SOLMARK sent a letter of intent to INDIVIDUAL DEFENDANTS.

17.    SOLMARK informed the INDIVIDUAL DEFENDANTS that SOLMARK intended to resell the Gloves at a profit to nationwide retailer (the "End User Deal") and further informed the INDIVIDUAL DEFENDANTS that SOLMARK's longterm relationship as a supplier for said nationwide retailer was dependant on the execution of the PPE Deal.

18.    SOLMARK and the INDIVIDUAL DEFENDANTS proceeded to finalize the PPE Deal. On or about April 14, 2020, SOLMARK sent to the INDIVIDUAL DEFENDANTS a purchase order (the "Purchase Order"), which confirmed the PPE Deal. On or about April 15, 2020 INDIVIDUAL DEFENDANTS confirmed the deal and sent an invoice to SOLMARK (the "Invoice"), identifying "G7 Environment, LLC" as the vendor. The Invoice further included instructions for SOLMARK to wire finds to a bank account identified as belonging to G7 Environment, LLC, c/o GALVEZ.

19.    The INDIVIDUAL DEFENDANTS informed SOLMARK that the INDIVIDUAL DEFENDANTS were in possession of the Gloves and that the Gloves would be available for pickup on April 16, 2020.

20.    On April 16, 2020, SOLMARK wired $599,994.45 (the "Payment") according to the instructions provided in the Invoice and provided evidence of the wire to the INDIVIDUAL DEFENDANTS. That same day, the INDIVIDUAL DEFENDANTS informed SOLMARK that they were not in fact in possession of the Gloves. On information and belief, the INDIVIDUAL DEFENDANTS were never in possession of the Gloves and did not own an assembly line for producing the Gloves.

21.    On April 16, 2020, upon learning that the INDIVIDUAL DEFENDANTS did not have the Gloves and could not produce the Gloves, SOLMARK promptly demanded a full refund of the Payment.

22.    The INDIVIDUAL DEFENDANTS repeatedly delayed, and failed to provide any refund, until, on or about April 21, 2020, DEFENDANT G7 LUXURY wired to SOLMARK a partial refund of $500,099.94 (the "Partial Refund").

23.    At the time of the filing of this complaint, DEFENDANTS have failed to and indeed refused to return the remaining $99,894.51 (the "Unreturned Funds"). At the time of the filing of this complaint, DEFENDANTS have failed to supply any of the Gloves.

**FICTIONAL ENTITY**

24.     On information and belief, despite the fact that the INDIVIDUAL DEFENDANTS referred to themselves as "G7 Environment, LLC", no such entity existed at the time that (i) PLAINTIFF entered into the PPE Deal, (ii) the INDIVIDUAL DEFENDANTS failed to provide the Gloves, or (iii) the INDIVIDUAL DEFENDANTS refused to return the Unreturned Funds.

**AGENCY ALLEGATIONS**

25.     PLAINTIFF is informed, believe, and thereon allege, that, at all relevant times herein, Defendants, and each of them were the shareholder officer, director, employee, agent, representative, subsidiary, parent company, affiliated entity and/or alter ego of each other defendant, and acted in all respects pertinent to this agent in concert and carried out a joint scheme, business plan, or policy in all respects regarding the unlawful acts alleged herein.

26.     Plaintiff is informed, believes and thereon alleges that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise.  Furthermore, Plaintiff is informed, believes and thereon alleges that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to the commission

of the acts complained of herein.  Defendants are therefore jointly and severally liable for the injuries complained of herein.

## ALTER EGO ALLEGATIONS

27.    On information and belief, each of the Defendants was the alter ego of the remaining Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining Defendants. On information and belief, there exists a unity of ownership and interest, between one or more of Defendants herein and one or more of the other Defendants herein, such that any individuality and separateness between said Defendants has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiffs' claim, the alter ego of and all other Defendants.

28.    On information and belief, the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them, have defaulted on their individual and collective obligations to Plaintiffs under California law.

29.    On information and belief, one or more of Defendants herein was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants and in that the activities and business of the other Defendants was carried on without the holding of director's or

COMPLAINT

shareholders meetings and no records or minutes of any corporate proceedings were maintained.

30.    On information and belief one or more of Defendants herein, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendants, said capitalization was inadequate to do business properly and legally under California law.

31.    On information and belief one or more of Defendants herein, and all other business entity Defendants herein, is and at all times herein mentioned was, treated as a piggy bank of one or more of the other defendants, such that said other Defendants funds were comingled with the funds of said Defendant.


**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT AGAINST ALL DEFENDANTS**

32.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations contained in the preceding paragraphs.

33.    PLAINTIFF and DEFENDANTS entered into a contract for good and valuable consideration (the "PPE Deal" as defined in the preceding paragraphs).

34.  PLAINTIFF performed its obligations by making payment to DEFENDANTS.

35.  DEFENDANTS breached the PPE Deal by failing to provide the Gloves to PLAINTIFF.

36.  To date, DEFENDANTS have failed to repay the Unreturned Funds.

37.  As the direct and proximate result of DEFENDANTS breach, Plaintiff has been damaged in an amout to be determined at trial, plus continuing interest accruing from and after the date of the breach through the date that DEFENDANTS obligations are satisfied in full, which is the amount justly due and owing to PLAINTIFF.

## SECOND CAUSE OF ACTION

### MONEY HAD AND RECEIVED – AGAINST ALL DEFENDANTS

38.  Plaintiff re-alleges and incorporates herein by this reference the allegations contained in the preceding paragraphs.

39.  DEFENDANTS received money that was intended to be used for the benefit of PLAINTIFF.

40.  The money was not used for the benefit of PLAINTIFF.

41.  DEFENDANTS have not given a portions of said money, the Unreturned Funds, to PLAINTIFF.

COMPLAINT

42.     PLAINTIFF is entitled to the Unreturned Funds, plus continuing interest accruing from and after the date upon which DEFENDANTS failed to return the Unreturned Funds to the date on which DEFENDANTS obligations are satisfied in full, which is the amount justly due and owing to PLAINTIFF.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT – AGAINST ALL DEFENDANTS

43.     PLAINTIFF re-alleges and incorporates herein by this reference the allegations contained in the preceding paragraphs.

44.     Plaintiff is informed, believes and thereon alleges that as a result of DEFENDANTS' acts and omissions herein alleged, DEFENDANTS have received, or will receive, income, profits, money, good will, real and personal property, stocks, bonds and other value, and have received, or will receive, income, profits, money, good will, real and personal property, stocks, bonds and other value on the purchase, sale, exchange, investment, reinvestment and use of the foregoing, as a result of which DEFENDANTS have been, and will be, unjustly enriched to the detriment of PLAINTIFF in specie, sum or value according to proof.

COMPLAINT

## **FOURTH CAUSE OF ACTION**

## **FRAUD – INTENTIONAL MISREPRESENTATION – AGAINST THE INDIVIDUAL DEFENDANTS**

45.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations contained in the preceding paragraphs.

46.    DEFENDANTS represented to PLAINTIFF the following facts:

a.  DEFENDANTS owned an assembly line that could produce the Gloves in accordance with PLAINTIFF's specifications;

b.  DEFENDANTS were in possession of the Gloves on or about April 16, 2020;

c.  The Gloves were available for PLAINTIFF to pickup on or about April 16, 2020 (collectively, the "Misrepresentations").

47.    On information and belief, the Misrepresentations were false.

48.    On information and belief, DEFENDANTS knew that the Misrepresentations were false when they made them, or DEFENDANTS made the Misrepresentations recklessly and without regard for their truth.

49.    DEFENDANTS intended that PLAINTIFF rely on the Misrepresentations. In fact, DEFENDANTS were aware of the End User Deal.

50.    PLAINTIFF reasonably relied on DEFENDANTS Misrepresentations by wiring the Payment to DEFENDANTS and entering into an agreement with a third party for the resale of the Gloves.

51.    PLAINTIFF was harmed, insofar as PLAINTIFF was unable to execute the End User Deal, was deprived of use of the Payment, has not received the Unreturned Funds, and has lost profits.

52.    PLAINTIFF's reliance on the Misrepresentations was a substantial factor in causing its harm.

53.    DEFENDANTS acts alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

54.    PLAINTIFF is entitled to damages in an amount to be proved at trial, in addition to punitive damages, attorney's fees, and pre-judment interest.


**FIFTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ* – AGAINST ALL DEFENDANTS**

55.    PLAINTIFF re-allegesand incorporates herein by this reference the allegations contained in the preceding paragraphs.

56.    DEFENDANTS practices, as alleged above, have been and continue to be unfair, fraudulent, illegal, and harmful to PLAINTIFF and the general public.  DEFENDANTS above alleged practices constitute violations of Business and Professions Code §§ 17200 *et seq.*  Specifically, a practice that violates any state law

COMPLAINT

or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code §§ 17200 *et seq*.

57.     Among other things, the following practices of DEFENDANTS, as alleged above, constitute unfair business practices:

a.   Fraudulently misrepresenting DEFENDANTS ownership of an assembly line configured for production of PPE;

b.   Fradulently misrepresenting DEFENDANTS possession of the Gloves; and

c.   Fruadulently obtaining the Payment from PLAINTIFF and failing to return the Unreturned Funds.

58.     Accordingly, pursuant to Business and Professions Code §§ 17200 *et seq*., PLAINTIFF is entitled to restitution of the Unreturned Funds held by DEFENDANTS and/or injunctive relief requiring DEFENDANTS to pay to PLAINTIFF the Unreturned Funds.

59.     Furthermore, unless and until enjoined and restrained by order of this Court, such unfair, fraudulent, or illegal practices by DEFENDANTS will cause great and irreparable injury to PLAINTIFF.

60.     PLAINTIFF has no other adequate remedy at law to insure that DEFENDANTS do not continue in their fraudulent scheme, and, consequently, PLAINTIFF is entitled to preliminary and permanent injunctive relief restraining DEFENDANTS from engaging in continuing unfair business practices.

61.     PLAINTIFF meets the standing requirements for seeking relief pursuant to Business and Professions Code §§ 17200 *et seq*., in that it has suffered injury in fact and has lost money as a result of DEFENDANTS practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief, according to proof:

1.     In the sum of at least the Unreturned Funds and additional sums according to proof.

2.     For compensatory damages as may be established according to proof at trial.

3.     For prejudment and postjudment interest on all damages awared, at the legal rate.

4.     For reasonable attorney's fees.

5.     For costs of suit incurred.

6.     For punitive and exemplary damages.

7.     For restitution of all monies due to PLAINTIFF, and disgorgement of profits from the unlawful practices of DEFENDANTS, and each of them.

8.     For a preliminary and permanent injunction ordering DEFENDANTS, and each of them, to cease such unlawful practices as alleged hereinabove and proved to the Court at the time of trial.

COMPLAINT

9.    Any remedies referenced in each cause of action.

10.    Such other relief as the Court may deem just and proper.

DATED: May 15, 2020                    Peer & Hart, PC


By: _____
     David M. Peer
     Attorney for Plaintiff
     SolMark International Inc.

- 16 -

COMPLAINT